IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

J.G.,

      Appellant,

v.                                       Case No. 5D15-2367

E.B., o/b/o J.G.,

      Appellee.

_____/

Opinion filed February 26, 2016

Appeal from the Circuit Court
for Osceola County,
Kim Shepard, Judge.

Kenneth J. Komara, of Komara & Cranton,
P.A., Kissimmee, for Appellant.

No Appearance for Appellee.

COHEN, J.

      J.G. appeals a final judgment of injunction for protection against domestic violence. The injunction was based on allegations of sexual misconduct against a minor child by J.G., who is the child's paternal grandfather. The conduct allegedly occurred in J.G.'s home and, other than the child, there were no witnesses to corroborate the allegations.

      The absence of corroborating witnesses or direct testimony from the child is not fatal to obtaining an injunction or bringing criminal charges, nor should it be. Section 90.803(23), Florida Statutes (2015), specifically addresses the admission of out-of-court statements by a child victim:

(23) Hearsay exception; statement of child victim.--

(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim [describing the abuse,] not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:

1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and

2. The child either:

a. Testifies; or

b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense.

Counsel for the mother attempted to elicit through the mother the accusatory statements the child made to her. J.G. objected to the testimony as hearsay, which objection the trial court sustained. The mother's counsel did not raise section 90.803(23) in response, and the trial court did not consider the objection in light of the provision. Nor were the child's statements examined as required under section 90.803(23). Having ruled the child's statements to his mother inadmissible and having sustained objections to most of the other evidence submitted, the trial court nonetheless granted a permanent injunction.

Finding the record devoid of any evidence to support that ruling, we reverse.

REVERSED.

SAWAYA and EDWARDS, JJ., concur.